FOX VALLEY GREASE COMPANY, INC., Petitioner, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

Second District   No. 78-363

Opinion filed September 17, 1979.

John L. Parker, of John L. Parker & Associates, Ltd., of Chicago, for petitioner.

William J. Scott, Attorney General, of Chicago (Susan H. Shumway and Judith S. Goodie, Assistant Attorneys General, of counsel), for respondents.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Fox Valley Grease Co., Inc. (Fox Valley), appeals from an order entered by the Pollution Control Board (the Board) affirming the denial by the Illinois Environmental Protection Agency (Agency) of Fox Valley's application for a permit for construction and operation of an air floatation unit.

Fox Valley operates a rendering plant located near Huntley, Illinois. The process of "rendering" consists of taking raw materials, such as waste grease, fat and bones and reducing them to byproducts to be sold to feed and fertilizer manufacturers. The raw materials are placed in cookers, where they are heated to separate entrained water from the solids. Waste water generated in the operation of the plant is passed through a series of grease traps and from there to a lagoon and infiltration/percolation system for further treatment. Believing it could improve its waste treatment system by installing an air floatation unit, on February 2, 1977,

Fox Valley applied to the Agency for a construction permit to install and operate such a unit and for an operating permit for its waste water treatment system. On March 21, 1977, the Agency sent Fox Valley a "Notice of Incompleteness" letter indicating several areas in which the application was deficient, to which Fox Valley responded with additional information. However, on June 7, the Agency denied the permit application and thereafter on June 30, Fox Valley appealed the denial to the Board.

On November 22, 1977, the Board hearing officer conducted a pretrial conference, ordered a complete record of the proceedings to be filed, and allowed Fox Valley to request from the Agency the names of employees or agents of the Agency having knowledge of the facts related to the case. A hearing on the matter was set for January 10 and 11, 1978. On December 5, 1977, the Agency submitted interrogatories which were answered by Fox Valley on December 29, 1977. On December 6, 1977, Fox Valley likewise submitted interrogatories to the Agency; however, on January 3, 1978, seven days before the scheduled hearing, Fox Valley received the Agency's objections to seven of its nine interrogatories. On January 5, 1978, Fox Valley requested a continuance because of the Agency's failure to comply with discovery and the absence of Fox Valley's representatives who would be attending and testifying at the hearing. The hearing officer sustained all of the Agency's objections to the interrogatories and denied the request for continuance.

At the hearing on January 10, 1978, Fox Valley renewed its request for a continuance and for answers to its interrogatories. Counsel for Fox Valley argued that several of the objected-to interrogatories were counterparts to the same interrogatories that were asked by the Agency, which Fox Valley had answered, and further, that the interrogatories were directed to relevant subject matter in that Fox Valley believed it was entitled to examine materials or persons on whom the Agency relied in processing its permit application. Therefore, the hearing officer's order, in effect, denied Fox Valley needed discovery rights. Counsel for the Agency responded that Fox Valley had the same opportunity to object to the interrogatories as did the Agency, and that no one forced it to respond without objecting. Further, she maintained that the interrogatories were not relevant, arguing that the only issues here are that the application was complete according to the regulations and that there would be no violation of the act or the rules; that information, not contained in the record, cannot be considered at the hearing; and that new or different information was not relevant as to what the Agency relied on.

Fox Valley's motions were denied and the hearing proceeded. Fox Valley called as a witness Darryll Bauer, the permit supervisor who had reviewed the Fox Valley permit application. Through this witness, Fox

Valley attempted, though unsuccessfully, to identify the information upon which the Agency relied in denying the permit application. Following Bauer's testimony, Fox Valley rested; the Agency chose to stand on the record of the permit application proceedings. On April 27, 1978, the board, in a written opinion, affirmed the Agency's permit denial. This appeal then followed.

■■ While Fox Valley has presented this court with several arguments for reversal of the board's decision, we conclude that the denial of Fox Valley's right to discovery mandates reversal in this case, and therefore we will limit our discussion to that issue.

■■ The Board's procedural rule 313 relating to discovery provides as follows:

> "(a) Regarding any matter not privileged, the Hearing Officer shall order discovery upon the written request of any party when parties cannot agree on the legitimate scope of discovery. *It is not a ground for objection that the testimony will be inadmissible at hearing if the information sought appears reasonably calculated to lead to the discovery of admissible evidence or is relevant to the subject matter involved in the pending action.* * * *" (Emphasis added.) (Illinois Pollution Control Board Procedural Rules ch. 1, pt. 3, R. 313(a).)

There is no allegation here that the material sought by Fox Valley was privileged. In view of the above provision, the Agency's argument that the interrogatories must relate to information already contained in the record falls short of constituting valid objections to Fox Valley's interrogatories.

However, we hasten to point out that this court does not reach the merits of the validity of each of the objected-to interrogatories. We therefore reverse and remand this cause to the hearing officer at which time Fox Valley's interrogatories should be resubmitted to the Agency. The Agency may choose to respond or file the same or different objections as it sees fit. At that time, the hearing officer will make a determination of the validity of those objections, keeping in mind the views expressed in this opinion.

We therefore reverse the decision of the Board and remand for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded with directions.

GUILD, P. J., and NASH, J., concur.